HERBERT A. PERKINS, d. b. a., *vs.* JACOB D. WINSLOW, p. b. r.

(*April* 22, 1926.)

HARRINGTON and RICHARDS, J. J., sitting.

*Leonard G. Hagner* for defendant below appellant.

*Horace G. Eastburn* for plaintiff below respondent.

Superior Court for New Castle County, March Term, 1926. No. 72, March Term, 1926.

HARRINGTON, J., delivering the opinion of the court:

The motion of the plaintiff below respondent is based on the contention that the repeal of *Section* 4035, *Revised Code of* 1915, by *Chapter* 223 *of Volume* 34, Laws of Delaware, and the re-enactment of that section, with a change in the form of the bond in appeals from a justice of the peace to this court, also, changed the form of the bond required in appeals from the court of common pleas to this court.

It is not denied that a statute may adopt a part or all of another statute by a specific and descriptive reference thereto and the effect is the same as if the statute, or part thereof adopted, had been written into the adopting statute. *Lewis' Southerland on Stat. Constr.*, § 405, 36 *Cyc.* 1152; *State ex rel., etc., v. Board*, 170 *Ind.* 595, 85 *N. E.* 513; *Postal Telegraph Co. v. Southern Ry Co.* (*C. C.* ), 89 *F.* 190; *In re Woods' Est.*, 31 *Ch. Div.* (1886) 607.

That being true at the time *Section* 8 *of Chapter* 250, *Vol.* 29,

Laws of Delaware, was passed, it must have been construed as though the provisions of *Section* 4035 of the *Revised Code of* 1915 had been written into and composed an integral part of it.

While always a question of intention, in the absence of anything to indicate a contrary legislative intent, it is likewise true that provisions so adopted and read into other statutes will not ordinarily be affected by the repeal of the adopted statute (*Phoenix Assur. Co. v. Fire Dept.*, 117 *Ala.* 631, 23 *So.* 843, 42 *L. R. A.* 468; *In re Heath*, 144 *U. S.* 92, 12 *S. Ct.* 615, 36 *L. Ed.* 358; *Crohn v. Kansas City, etc., Telephone Co.*, 131 *Mo. App.* 313, 109 *S. W.* 1068; *Flanders v. Town of M.*, 48 *Wis.* 567, 4 *N. W.* 741; *Lewis' Sutherland on Stat. Constr.*, § 405; 36 *Cyc.* 1152. See, also, *State v. Fahey*, 2 *W. W. Harr.* [32 *Del.*] 504, 126 *A.* 730, 734; *Iova v. State*, 2 *W.W.Harr.* [32 *Del.*] 516, 126 *A.* 627), or by any subsequent changes by way of additions, modification or otherwise in the adopted statute. *Kendall v. U. S.*, 12 *Pet.* 524, 9 *L. Ed.* 1181; *Culver v. People*, 161 *Ill.* 89, 43 *N. E.* 812; *Postal Telegraph Co. v. Southern Ry. Co. (C. C.)*, 89 *F.* 195; *State ex rel. v. Board, etc.*, 170 *Ind.* 595, 85 *N. E.* 513; *Furbish v. County Conn.*, 93 *Me.* 117, 44 *A.* 364; *Lewis' Southerland on Stat. Constr.*, § 405.

The general rule, with respect to this question, is well expressed in *Lewis' Southerland on Stat. Constr.*, § 405, *supra*, as follows:

"Where one statute adopts the provisions of another by a special and descriptive reference to the statute or provision adopted, the effect is the same as though the statute or provision adopted had been incorporated bodily into the adopting statute. * * * Such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications of the statute so taken, except it does so by express intent. Nor will the repeal of the statute so adopted affect its operation as part of the statute adopting it." ·

The change made in the form of the bond required in an appeal from a justice of the peace after the enactment of *Section* 8 of *Chapter* 250, *Vol.* 29, Laws of Delaware, cannot, therefore, in any way affect the form of the bond required in an appeal from the court of common pleas to this court, unless there is something to indicate such a legislative intent; an inspection of the statute above seemed to show that there is not only nothing to indicate

such an intent, but that *Section* 8 expressly provides for a right of appeal from the court of common pleas to the superior court of New Castle county in the same manner "as is now provided by law as to causes tried before justices of the peace."

The motion to dismiss the appeal is, therefore, denied.