**Richard SINCOCK et al., Plaintiffs,**

v.

**Charles L. TERRY et al., Defendants.**

**Civ. A. No. 2470.**

United States District Court
D. Delaware.

Aug. 7, 1962.

See also 210 F.Supp. 396.

Vincent A. Theisen and Victor Battaglia, Wilmington, Del., for plaintiffs.

Januar D. Bove, Jr., and Frank O'Donnell, Wilmington, Del., N. Maxson Terry and James H. Hughes, III, Dover, Del., and Robert Tunnell, Georgetown, Del., for defendants.

Before BIGGS, Circuit Judge, and WRIGHT and LAYTON, District Judges.

PER CURIAM.

A number of motions have been filed by the defendants, including motions to stay the proceedings at bar, to dismiss

the action as to certain defendants for failure to state a cause of action or for want of equity, and to compel a more definite statement as to the nature of the cause of action asserted in the complaint. On July 25, 1962, the proceedings were stayed until August 7, 1962 for the reasons stated in our *per curiam* opinion filed on the day first mentioned. On August 2, 1962, briefs having been filed, argument was had on the motions. Their merits have now been carefully considered and weighed.

█ As to the motions to dismiss as parties defendant, the Superior Court, as specially constituted by 15 Del.C. § 5701, to perform the duties imposed by Section 6 of Article V of the Constitution of Delaware, Del.C.Ann. and the Judges of the Superior Court, we are of the opinion, as presently advised, that they are proper, if not necessary, parties to the suit at bar.

█ As to the motions to dismiss the action for failure to state a claim, we hold that the complaint sets out a cause of action cognizable in this court in that it alleges that the apportioning or selecting of members of the General Assembly of Delaware offends the voting rights of the electors of this State under the Fourteenth Amendment of the Constitution of the United States. Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). The motions to dismiss for want of equity must also be denied. It would be premature at this time to inquire into the nature of the relief which could or should be granted under the allegations of the complaint. We shall not pursue such an inquiry now.

We are also of the opinion that the allegations of the complaint set out the cause of action just indicated with sufficient clarity and definiteness to require the defendants to answer.

Accordingly all motions made by the defendants will be denied. Answers shall be filed as required by Rule 12(a) (1) Fed.R.Civ.Proc. 28 U.S.C.

We wish to make it plain that we have no desire to substitute our judgment for the collective wisdom of the General Assembly of Delaware whose primary duty it is to assure the electors of this State apportionment provisions to meet the test laid down by the Supreme Court of the United States in Baker v. Carr, but in the light of all the circumstances we have no alternative but to proceed promptly.

An appropriate order will be filed concurrently with the handing down of this opinion.

