STATE OF DELAWARE v. JESSE J. WHITE. STATE OF DELAWARE v. FRANKLIN W. Taylor.

(*September* 13, 1963)

TERRY, C. J., and WOLCOTT and CAREY, JJ., sitting.

*Howard M. Handelman and Jacob Kreshtool,* for defendant, Jesse J. White.

*Hugh Corroon,* for defendant, Franklin W. Taylor

*E. Norman Veasey,* Chief Deputy Atty. Gen., and *Peter Warren Green,* Deputy Atty. Gen., Wilmington, for the State.

Supreme Court of Delaware, No. 61-1963.

TERRY, Chief Justice.

This matter comes before us on certification from the Superior Court of New Castle County. The defendants in these proceedings were indicted for separate crimes by the Grand Jury of New Castle County. Under Rule 6(b) (2) of the Criminal Rules of the Superior Court, *Del. C.* Ann., defendants each filed motions to dismiss their indictments based on certain objections to the array of the Grand Jury. Their complaints were directed at the manner by which its members were selected.

To place this controversy in its proper perspective, certain historical developments must be set forth.

In 1933, Article I, Section 4 of the Constitution of this State, *Del. C.* Ann., was amended to read as follows:

"Trial by jury, shall be as heretofore. Provided, however, that Grand Juries in New Castle County shall consist of fifteen members, one of whom shall be selected from, and shall be a resident of, each representative district in said county, and the affirmance vote of nine of whom shall be necessary to find a true bill of indictment; * * *."

There has been no subsequent amendment to the above cited provisions of Article I, Section 4 of the Delaware Constitution. However, following certain federal decisions relative to the question of apportionment in state legislatures, Article II, Section 2 of our state constitution was amended in January 1963 by creating additional representative districts. Basically, the amendment provides that any existing district having a population in excess of 15,000 is entitled to an additional representative for each additional 15,000 of population or major fraction thereof. Each such representative district is to be subdivided into new districts, and the redistricting is to be done by order of the Governor after each federal decennial census.

Pursuant to his duties as established by the reapportionment provisions of the amendment, the Governor issued a proclamation, dated May 17, 1963, creating 10 additional representative districts in New Castle County. The redistricting thus became effective prior to July 15, 1963, when the Grand Jury of New Castle County returned true bills of indictments against the defendants herein.

We should further note that the validity of this amendment to Article II, Section 2 has been challenged in the federal courts. *Sincock v. Duffy,* 207 F.Supp. 205, 210 F. Supp. 395, 215 F.Supp. 169 [U.S.Dist.Ct., Del. (1963)]. There, a three judge court has declared the amendment invalid, but stay of its judgment has been granted pending review by the Supreme Court of the United States.

We have thus accepted certification of the following questions submitted to us by the Superior Court:

"(1) May the present 15 member Grand Jury in New Castle County, selected in accordance with the provisions of Article II, Section 2 of the Delaware Constitution of 1897, continue to act in view of the 1963 amendment to said provisions?

"(2) If the answer to question number (1) is in the affirmative, is an indictment found to be a true bill by the affirmative vote of nine of the members of the Grand Jury valid?

"(3) If the answer to question number (1) is in the negative, must the Grand Jury of New Castle County be selected on the basis of one from each of the representative districts set forth in the Governor's proclamation issued May 17, 1963 pursuant to the 1963 amendment to Article II, Section 2 of the *Delaware Constitution?*

"(4) If the answer to question number (3) is in the affirmative, as of what date must the Grand Jury be so selected?

"(5) If the answer to question number (3) is in the affirmative, how many members must vote affirmatively to find a true bill of

indictment?

"(6) If the answers to questions number (1), (2) and (3) are in the negative, upon what basis and when must Grand Juries for New Castle County be selected and what affirmative vote to find a true bill of indictment is required?"

This is a unique problem which is devoid of precedent in either this State, or for that matter, in any other jurisdiction.

The basic argument of the defendants is that they are entitled to have their cases submitted to a Grand Jury consisting of as many members as there are representatives from New Castle County in the General Assembly. Any other system, as we understand their arguments, is in violation of their constitutional guarantees.

We cannot agree. There are almost as many methods in effect of determining the composition of a Grand Jury as there are states in this Union. Each may have its own particular variations, but in every instance, we fail to perceive that any of these plans has as its basis any other object than to spread grand jury service among all citizens throughout any given county.

In Delaware, we have assured a wide variation of membership on our grand juries by directing that there be one juror from each representative district. That of course is to give protection from fraud or prejudice which could likely result from a system where grand jurors might be chosen from a small section of a county. We can perceive of no other purpose to the method of grand jury selection outlined in Article I, Section 4 of the Delaware Constitution. That, being the only provision relative to grand juries, it alone must control the number, method of selection, and vote required to return a true bill of indictment.

In our opinion the Grand Jury of New Castle County is controlled by only one portion of the Constitution. Namely, Article I, Section 4. It specifically provides for fifteen members thereon, diversity

being achieved by taking one grand juror from each of the representative districts in existence at the time that Article I, Section 4 became effective. Thus, regardless of the amendment to Article II, Section 2, the Grand Jury must continue to be selected on the basis of the original fifteen representative districts in existence at the time of the 1933 amendment to Article I, Section 4. Until such time as the Legislature provides for a different numerical composition of the Grand Jury, any number in excess of fifteen members has already been held to be improper by the courts of this State. *State v. Anderson,* 5 W.W.Harr. 407, 166 A. 662 (1933).

It thus follows that without a change to Article I, Section 4, of the Constitution any other amendments which touch upon reapportionment can have no bearing whatever on the Grand Jury system.

■ We can perceive of no reason to declare Article I, Section 4 unenforceable by virtue of the amendment to Article 2, Section 2 relative to reapportionment. Defendants have not shown us how their rights have in any way been prejudiced or will be impaired by application of the Provisions contained in Article I, Section 4. A Grand Jury composed of fifteen members, specifically chosen from certain distinct areas of New Castle County, works no mischief to the rights of the defendants.

In view of the matters set forth herein, we answer the certified questions as follows:

1. Yes

2. Yes

The remaining questions become moot in view of the answers set forth to questions 1 and 2.

The certification concerns itself only with questions relating to the manner in which the Grand Jury of New Castle County should be

selected. The Attorney General, together with counsel for each defendant, has asked us to pass upon the proper manner of selecting the Petit Jury in and for New Castle County in the light of Section 4508 of Title 10 of the Code providing for the "Drawing of Petit Jury," and Article II, Section 2 of the Constitution, as amended.

 Since the procedure for the selection of the Petit Jury does not fall within the above certification, nevertheless, having in mind the furtherance of the administration of justice in this State, we are of the opinion that the manner heretofore employed in selecting the Petit Jury be continued; that is, its selection be made as provided by Section 4508 of Title 10 of the Code in the light of Article II, Section 2 of the Constitution as it existed prior to the amendment thereto in January of 1963.