In the Matter of Harold Powell, member of the Board of Assessment of Kent County, Harold POWELL, Appellant,

v.

LEVY COURT OF KENT COUNTY, Appellees.

Supreme Court of Delaware.

Nov. 6, 1967.

James H. Hughes, III, Dover, for appellant.

Roy S. Shiels, Dover, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from an order of the Superior Court removing Harold Powell, the appellant, as a member of the Board of Assessment of Kent County. The action of the Levy Court was taken pursuant to 9 Del.C. § 8210, which authorizes removal of a member of the Board of Assessment for "sufficient cause". The asserted cause for the removal of Powell was the requirement of 9 Del.C. § 8202, first enacted in 1920, that no two members of the Board of Assessment "shall be residents of the same Senatorial District."

The facts of the cause are that in January, 1965, the Levy Court appointed Edgar M. Kates, William J. Paskey and Franklin T. English to be the Board of Assessment. Kates, Paskey and English were residents respectively of the Fourth, Fifth and First Senatorial Districts, as they were established by the Constitution of 1897. In December of 1965, Kates died and the Levy Court, in January, 1966, appointed Powell to serve the unexpired portion of his term. At the time, Powell was a resident of the Second Senatorial District as established by the Constitution of 1897.

However, in 1964, by 54 Laws, Chs. 360, 361, the General Assembly, by reason of Sincock v. Duffy, D.C., 207 F.Supp. 205, 210 F.Supp. 395, 215 F.Supp. 169, which required Delaware to provide equal representation, reapportioned itself. As a result of this reapportionment, Kates, English and Powell became residents of the new Thirteenth Senatorial District and Paskey became a resident of the new Fifteenth Senatorial District.

It is thus apparent that the basic question before us is whether the 1920 Act, now 9 Del.C. § 8202, in requiring that no two members may be residents of the same Senatorial District, shall be read as referring to the constitutionally created Senatorial Districts existing in 1920, or to the reapportioned districts created in 1964. If the former is the case, there is no violation of § 8202; if the latter is the case, there is a violation.

It is the rule that a statute may by reference adopt a part or all of another statute which will have the same effect as though the adopted statute had been written into it. Perkins v. Winslow, 3 W.W.Harr. 188, 133 A. 235. Furthermore, the adopted statute is incorporated as of the time of reference and subsequent amendments to it will have no effect upon the adopting statute. 2 Sutherland, Statutory Construction (3rd Ed.), § 5208.

The appellee concedes the above-stated rule but argues that it has no application in this case for the reason that 9 Del.C. § 8202 does not expressly and clearly refer to the Constitution of 1897 establishing Senatorial Districts.

We think, however, that the question is controlled by our decision in State v. White, Del., 204 A.2d 190. In that case, a question was certified to us asking the effect of the reapportionment of Representative Districts resulting in the creation of ten additional such districts in New Castle County, upon Article I, Section 4 of the Constitution, Del.C.Ann. This provision establishes the Grand Jury of New Castle County at fifteen, and directs that one Grand Juror shall be drawn from each Representative District. At the time and prior to reapportionment, there were in fact fifteen such districts in New Castle County.

In the *White* case we held that reapportionment had no effect upon Article I, Section 4, since that portion of the Constitution stands independently and fixes the number and geographic distribution of Grand Jury members by reference to the then-existing Representative Districts. We so held despite a lack of express reference to the then Article II, Section 1 of the Constitution which established the fifteen Representative Districts for New Castle County.

In principle, the case at bar is not distinguishable. It follows, therefore, that the 1964 reapportionment of the General Assembly had no effect upon 9 Del.C. § 8202. The Senatorial Districts referred to in that statute continue to be those geographical areas which in 1920 constituted the Senatorial Districts of Kent County.

The foregoing makes it unnecessary for us to consider the other questions raised by the appellant.

The judgment below is reversed.