Commonwealth *v.* Alexander, Appellant.

*Rudolph S. Pallastrone,* for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *Linda West Conley* and *James Taylor Ranney,* As-

sistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

This appeal raises the question of whether or not there was sufficient evidence to convict the appellant of burglary and aggravated robbery.

On July 17, 1972 at 9:00 p.m., a white Volkswagen appeared in front of a candy store located at 561 North Paxon Street in Philadelphia. Mrs. Catherine Bess, the proprietor of the store watched two men get out of the car in front of her store. The Volkswagen pulled away, but shortly thereafter the vehicle was parked a few feet from the store with its engine running. The two individuals entered the store, brandished a revolver, and fled with the contents of the cash register. The two men then fled the scene in the same white Volkswagen. The car was stopped a few minutes later seven blocks from the scene. Appellant was the driver of the vehicle which contained two passengers. The police took the three back to the scene of the crime. Mrs. Bess identified the two passengers, but was unable to identify appellant who had never entered the store. The trial judge, sitting as the finder of fact, found that the appellant was guilty as he was the driver of the "get away" vehicle.

"The rule is well established that, in passing upon the sufficiency of the evidence to sustain a criminal conviction, the evidence must be read in a light most favorable to the Commonwealth, and it is entitled to the benefit of all reasonable inferences arising therefrom." *Commonwealth v. Johnston,* 438 Pa. 485, 488, 236 A. 2d 376 (1970).

The facts in this case are indistinguishable from those in *Commonwealth v. Blum,* 220 Pa. Superior Ct.

703, 282 A. 2d 737 (1971), where we found that there was sufficient evidence to convict the appellant therein.

Therefore, the judgment of the lower court is affirmed.