STATE of Delaware

v.

Rosario FUSCO et al.

Superior Court of Delaware, New Castle.

March 19, 1975.

George H. Seitz, III, State Prosecutor, Wilmington, for the State.

Clifford B. Hearn, Jr., of Balick & Hearn, P. A., and G. Thomas Sandbach of Biggs & Battaglia, Wilmington, for defendants.

BALICK, Judge.

This is the court's opinion on defendants' motion to dismiss indictments. Defendants contend that the Delaware constitutional provision on grand juries, Article I, § 4, Del.C.Ann., violates the equal protection clause of the fourteenth amendment of the United States constitution. Article I, § 4 says as follows:

> Trial by jury shall be as heretofore. Provided, however, that Grand Juries in New Castle County shall consist of fifteen members, one of whom shall be selected from, and shall be a resident of, each representative district in said county, and the affirmative vote of nine of whom shall be necessary to find a true bill of indictment; and the Grand Juries in Kent County and in Sussex County shall consist of ten members, one of whom shall be selected from, and shall be a resident of each representative district in the County in which he or she is selected, and the affirmative vote of seven of whom shall be necessary to find a true bill of indictment.

Defendants contend that this section denies them equal protection of the laws in two ways: first, it favors Kent and Sussex counties by requiring an affirmative vote of 70 per cent there whereas only 60 per cent is required in New Castle County; second, the New Castle County grand jury is not representative because the fifteen representative districts from which the grand jurors are drawn vary greatly in population.

Defendants' first contention is based on the assertion that jurors in New Castle County are less likely to vote against a true bill because the affirmative vote of a smaller percentage of a body is required to return an indictment. They contend that this "unequal percentage" denies them equal protection of the laws. Defendants do not offer proof of their assertion and it is not a matter of common knowledge. Compare Williams v. Florida,

399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). Moreover, the constitutional guarantee of equal protection of the laws does not bar a state from enacting different laws for political subdivisions. Missouri v. Lewis, 101 U.S. 22, 25 L.Ed. 989 (1879); Salsburg v. Maryland, 346 U.S. 545, 74 S. Ct. 280, 98 L.Ed. 281 (1954); McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). At common law the grand jury was a county body. In Re Petition of Jessup, Del.Super.1957, 50 Del. 530, 537, 136 A.2d 207. The state may rationally provide for a larger grand jury in New Castle County, which is more populous and has more crime than Kent and Sussex counties. While the reason for the difference in percentage of affirmative votes required is not known, there are various possible explanations. At common law the affirmative vote of a majority (12 out of 23 or 52 per cent) was required. 38 Am.Jur.2d § 16. Perhaps the Delaware constitutional provision increases the percentage of the affirmative vote as the size of the grand jury is decreased in order to assure that the smaller grand juries will perform their function effectively. It is also possible that it seeks a different kind of "equality" between the counties, namely, the affirmative vote of one more than a majority. The most likely purpose is to enable the New Castle grand jury, which must vote on a much larger number of cases, to operate expeditiously.

In support of their second ground defendants have shown that there is a great disparity of population among the fifteen representative districts from which the grand jurors are selected. For example, according to the 1970 census there were 1,745 persons in Blackbird Hundred and 87,753 in Brandywine Hundred. Defendants contend that these disparities are unconstitutional under the reapportionment cases.

The Supreme Court of Delaware has already rejected defendants' contention. State v. White, Del.Supr.1963, 58 Del. 60, 204 A.2d 190. It is true that the U. S. Supreme Court has said, "[i]t is part of the established tradition in the use of juries as instruments of public justice that the jury be a body truly representative of the community." Smith v. Texas, 311 U.S. 128, 130, 61 S.Ct. 164, 165, 85 L.Ed. 84 (1940). But grand juries are "representative" in a different sense from legislative bodies. The principal of one man—one vote, which is the foundation of reapportionment cases, does not apply to grand juries. Most cases considered by the U. S. Supreme Court have involved racial discrimination in selection of grand and petit juries in violation of the equal protection clause and federal statute. 18 U.S.C. § 243. It has recently held that the federal constitutional right of trial by jury bars a state from excluding women from petit juries. Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). The rationale of these cases is that grand and petit juries must be representative in the sense that a state may not exclude particular groups but must give all qualified persons, with their varying experience and attitudes, a fair opportunity of participating. This kind of "representation" has been called the requirement of a "fair cross-section." Taylor v. Louisiana, 419 U.S. 522, 536, 95 S.Ct. 692, 699, 42 L.Ed.2d 690, 698 (1975). This does not mean that grand juries must proportionally represent all groups. Swain v. Alabama, 380 U.S. 202, 208, 13 L.Ed.2d 759, 766, 85 S.Ct. 824 (1965).

Defendants offer to prove by analysis of the 1970 cenus that the method of selection in New Castle County necessarily, though unintentionally, leads to underrepresentation of various racial and socio-economic groups, namely, whites, persons whose annual income is over $10,000, high school graduates, and persons who are under 65 years of age. This is based on the proposition of statistics that a grand jury whose members are randomly selected from districts of unequal population with varying racial and socio-economic make-up will differ from a grand jury randomly selected from equally populated districts or

the whole county. This offer is based on an incorrect principle of constitutional law the false assumption of fact. The U. S. Supreme Court has never held that the states are required to select juries by random selection or any other method so long as no group is unfairly excluded. The Delaware statute does not provide for random selection of grand jurors. On the contrary, it expressly provides that the jury commissioners shall select "sober and judicious persons" from whom jurors are drawn. 10 Del.C. §§ 4505, 4507. Although this method "could result" in "fraud or prejudice," State v. White, Del.Supr.1963, 58 Del. 60, 64, 204 A.2d 190, as alleged in their motions, defendants have not investigated the actual make-up of New Castle County grand juries or offered to prove that any group has in fact been excluded or significantly underrepresented. Without this, they cannot succeed.

Defendant Peterson, 2516 Criminal Action 1974, also contends that the indictment against him should be dismissed because the jurors who returned it had been served with a rule to show cause why his petition for a writ of prohibition should not issue and thus had a "conflict of interest." It is unnecessary to consider the merits of this ground because the record shows that a rule was not issued or served on the jurors. 5478 Civil Action 1974.

■ I would add a comment about the timeliness of defendants' motions. None of them were filed within five days of arraignment. See Rule 12(b)(3), Del.C.Ann. In one case the motion was filed over four months after arraignment. Nor did defendants apply for a hearing until after the motions were presented, briefs filed, and the cases assigned for argument on the assumption that the motions are not based on allegations of fact. This has unnecessarily caused postponement of trial of some of these cases. If we hope to comply with speedy trial directives, defendants who raise objections requiring hearing and determination before trial must raise them by timely motion and application for hearing.

Defendants' motions to dismiss indictments are denied.