**Phillip C. EATON, Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 96, 1975.**

Supreme Court of Delaware.

Submitted March 10, 1976.

Decided Aug. 4, 1976.

Richard S. Gebelein, Joseph J. Farnan, Jr., and Arlen B. Mekler, Asst. Public Defenders, Wilmington, for defendant below, appellant.

John X. Denney, Jr., and Richard J. McMahon, Deputy Attys. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

The defendant, Phillip C. Eaton, appeals from his convictions of murder in the first degree and possession of a deadly weapon during the commission of a felony.

I.

 The defendant contends that ne was denied the equal protection and due process protections of the Fourteenth Amendment because he was indicted by the Grand Jury of New Castle County of which the affirmative vote of only 60% of its total number is required by the Constitution to indict, whereas in Kent and Sussex Counties 70% is required.[1] The argument is that it is thus made less difficult for the prosecutor to secure an indictment in New Castle County than elsewhere in the State; that, therefore, the defendant here was indicted with less of a safeguard than a defendant in Kent or Sussex County would have enjoyed; that there is no rational basis for this lack of uniformity; and that, accordingly, the difference amounts to an invidious discrimination[2] as to one indicted in New Castle County.

We find the contention to be without merit.

There is a uniform, arithmetical formula required for indictment in all three Counties: a majority of the total number of the Grand Jury plus one. Thus, in a New Castle County Grand Jury of 15, the vote of 9 (a majority of 8 plus 1) is required; and in a Kent or Sussex County Grand Jury of 10, the vote of 7 (a majority of 6 plus 1) is required. To that extent, therefore, there is uniformity throughout the State.

The lack of uniformity lies in the difference in the number of election districts and in the total number of a Grand Jury in New Castle County as compared to Kent and Sussex Counties. We find a rational basis for this distinction in the greater population, and the consequent greater number of criminal prosecutions, in New Castle County as compared to the other two Counties.

 Population disparity is a sufficient rational basis for the distinction made among political subdivisions of the State. There is no invidious discrimination violative of the Fourteenth Amendment. See *State v. Fusco,* Del.Super., 335 A.2d 268 (1975); *Missouri v. Lewis,* 101 U.S. 22, 25 L.Ed. 989 (1879); *Salsburg v. Maryland,*

1. Del.Const. Art. I, Sec. 4, provides:
 "Grand Juries in New Castle County shall consist of fifteen members, one of whom shall be selected from, and shall be a resident of, each representative district in said county, and the affirmative vote of nine of whom shall be necessary to find a true bill of indictment; and the Grand Juries in Kent County and in Sussex County shall consist of ten members, one of whom shall be selected from, and shall be a resident of each representative district in the County in which he or she is selected, and the affirmative vote of seven of whom shall be necessary to find a true bill of indictment."

2. In this context "invidious" means arbitrary, irrational, and not reasonably related to a legitimate purpose. *McLaughlin v. Florida,* 379 U.S. 184, 191, 85 S.Ct. 283, 13 L.Ed. 2d 222 (1964).

346 U.S. 545, 74 S.Ct. 280, 98 L.Ed. 281 (1954); *McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).

## II.

 The defendant presented evidence addressed to the issue of extreme emotional distress. In accordance with the provisions of 11 Del.C. § 641,[3] the Trial Judge charged the jury that the defendant had the burden of proving extreme emotional distress as an affirmative defense, by a preponderance of the evidence, in order to reduce the crime of murder in the first degree to manslaughter; that the "State has no burden to present any evidence on this matter."

Subsequent to the trial of the instant case, this Court declared § 641 unconstitutional. *Fuentes v. State,* Del.Supr., 349 A. 2d 1 (1975); see also *Rivera v. State,* Del.Supr., 351 A.2d 561 (1976). As in those cases, the Trial Court's jury instruction in the instant case, based upon § 641, must be held to constitute error fatal to the murder conviction. But, as in those cases, it does not necessarily follow that justice requires a new trial; the most that the defendant is entitled to under the issue of extreme emotional distress is mitigation and conviction and sentence of manslaughter, a lesser included offense within his conviction of murder.[4]

In this case, however, the State elects a new trial on the murder charge instead of

a remand for conviction and sentence for manslaughter, as in *Fuentes.*

Accordingly, we do not reach the other grounds of appeal.

\* \* \*

Reversed and remanded for new trial.

---

3. 11 Del.C. § 641 provided:
 "§ 641. Extreme emotional distress.
 "The fact that the accused intentionally caused the death of another person under the influence of extreme emotional distress is a mitigating circumstance, reducing the crime of murder in the first degree as defined by § 636 of this Criminal Code to the crime of manslaughter as defined by § 632 of this Criminal Code. The fact that the accused acted under the influence of extreme emotional distress must be proved by him by a preponderance of the evidence. The accused must further prove by a preponderance of the evidence that there is a reasonable explanation or excuse for the

existence of the extreme emotional distress. The reasonableness of the explanation or excuse shall be determined from the viewpoint of a reasanble person in the accused's situation under the circumstances as he believed them to be."

4. 11 Del.C. § 632(3) provides:
 "A person is guilty of manslaughter when:
 \* \* \* \* \*
 "(3) He intentionally causes the death of another person under circumstances which do not constitute murder because he acts under the influence of extreme emotional disturbance; \* \* \*"