**Rollin Lee LAUB, Defendant below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted April 12, 1976.

Decided Sept. 7, 1976.

**1184**

Arlen B. Mekler, Chief of Appellate Division, Office of Public Defender, Wilmington, for defendant below, appellant.

Norman A. Barron, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

In this appeal from his jury conviction in the Superior Court for kidnapping, two charges of rape, and one charge of possession of a deadly weapon during the commission of a felony, defendant argues that he was denied due process, a fair trial, and equal protection by the method of selecting both the grand and petit juries, and that the Trial Court erred in admitting certain evidence.

**I**

We find without merit defendant's argument that the petit jury panel from which his jury was selected was not fairly representative of the community because, (1) the only statutory requirement for jury duty is that jurors be qualified to vote in general election (10 *Del.C.* § 4504) and (2) the list of petit jurors included no names indicating Spanish heritage.

As stated in *Taylor v. Louisiana*, 419 U. S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975):

"The fair-cross-section principle must have much leeway in application. The States remain free to prescribe relevant qualifications for their jurors and to provide reasonable exemptions so long as it may be fairly said that the jury lists or panels are representative of the community. . . . We do not depart from the principles enunciated in *Carter.* But, as we have said, Louisiana's special exemption for women operates to exclude them from petit juries, which in our view is contrary to the command of the Sixth and Fourteenth Amendments.

It should also be emphasized that in holding that petit juries must be drawn from a source fairly representative of the community we impose no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. . . . [But the jury wheels, pools of names, panels or venires from

which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof]."

In the recent case of *Ristaino v. Ross,* 424 U.S. 589, 96 S.Ct. 1017, 47 L.Ed.2d 258 (1976), the United States Supreme Court, emphasizing that the issue of impartiality of jurors is peculiarly within the province of the Trial Judge, held that the Constitution does not require a Trial Judge in every instance to pose specific questions, on *voir dire,* relating to racial bias. The Court stated that its previous decision in *Ham v. South Carolina,* 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46 (1973) does not require *voir dire* inquiry in all cases involving defendants and jurors of different races. In *Ham,* racial issues were raised by a black defendant claiming that he was framed by local police because of his civil rights activism. In *Ristaino,* however, the Court held that racial issues were not "inextricably" bound to the trial of the issues, and did not rise to the level of a constitutional question, even though the accused was black and accused of assaulting a white security guard.

Although defendant argues that the process of jury selection results in greater numbers of jurors being selected from different districts, and that the available Superior Court jury questionnaires, filled in and returned by prospective jurors, are insufficient to determine minority race representation or the financial status of those drawn for service, there is no showing that the selection procedures systematically excluded any group, other than those not registered to vote, or that defendant was in any way prejudiced by bias or impartiality. In the absence of such a showing we find no Sixth Amendment violation. *Quillen v. State,* Del.Supr., 10 Terry 163, 112 A.2d 848 (1955).

## II

Also without merit is defendant's argument that his indictment by the grand jury, selected pursuant to Del.Const. Art. I, Sec. 4, is violative of the equal protection and due process clauses of the Fourteenth Amendment. This question is controlled by the recent decision of this Court in *Eaton v. State,* Del.Supr., 363 A.2d 440 (1976).

## III

Likewise without merit are defendant's other arguments: (1) that a knife was admitted into evidence improperly because it was illegally seized, and because inadequate foundation was laid for its admission; and (2) that his confession should have been excluded because it was not voluntary due to defendant's drug intoxication. The issues are factual, and there is sufficient evidence in the record to support the findings of fact upon which the Trial Court made its rulings. *Jenkins v. State,* Del.Supr., 230 A.2d 262 (1967); *Klase v. State,* Del.Supr., 346 A.2d 160 (1975); *Mealey v. State,* Del.Supr., 347 A.2d 651 (1975).

Affirmed.