THE PEOPLE *ex rel.* Lawrence S. Beardsley

*v.*

## M. R. M. WALLACE.

1. APPEAL—*from judgment for taxes.* Under the act of March 28, 1873, in relation to the assessment and collection of taxes in incorporated cities, towns and villages, an appeal from a judgment of the county court against real estate for taxes, lies only to the Supreme Court. It does not lie to the circuit court.

2. STATUTE—*whether general or special.* A statute for the assessment and collection of taxes, which applies to all incorporated cities and towns in the State, is a general, and not a special law, within the meaning of the constitution.

3. SAME—*amendments to, need not be read on three several days.* The constitutional provision requiring bills to be read on three several days before their passage, does not apply to amendments to the same.

This was an application, in this court, for a *mandamus*, as stated in the opinion.

Mr. EDWARD ROBY, for the relator.

Per CURIAM: This is an application, by relator, for a *mandamus* against the judge of the county court of Cook county, to compel him to allow an appeal to the circuit court of that county, from a judgment rendered against relator's lands for taxes due the city of Chicago. The 10th section of the act of the 28th of March, 1873, in regard to the assessment and collection of taxes in incorporated cities, towns and villages, etc., (Sess. Laws 1873, p. 42,) only gives appeals from the county court to this court. It declares that, in case of judgments for such taxes, "appeals shall also be allowed to the Supreme Court, (and not elsewhere,) as now provided by law, in like cases, to the circuit court, from any judgment or order of sale made by any county court respecting any property returned delinquent, under the provisions of this act." And the balance of the section refers to this court, and not to the circuit court, in regulating the practice on such appeals. Although the language is somewhat obscure, when the entire section is considered, we have no doubt that it was the design to give an appeal from such judgments alone to this court, and to take it from the circuit court. This being so, there can be no power to compel the county court to grant an appeal to the circuit court, and the writ must be refused.

It is urged that the act referred to is a special law. We are of opinion that the law is general, as it applies to the collection of all municipal taxes of incorporated cities, towns and villages in the State. Hence the objection, that the title of the act does not sufficiently specify the objects of the law, does not apply.

It is also objected, that the 10th section of the act was not constitutionally adopted, because it was engrafted as an amendment whilst the bill was being considered, and was not

read on three several days in the house adopting it as an amendment. We are clearly of opinion that the requirement does not apply to an amendment, and the objection can not prevail.

The writ of *mandamus* is denied.

*Mandamus denied.*