HARRY E. HOLMES

*v.*

THE CITY OF MATTOON.

*Filed at Springfield September 27, 1884.*

1. CONSTITUTIONAL LAW—*law exempting municipal corporations from giving appeal bond.* The act of 1879, allowing municipal corporations to appeal without giving an appeal bond, as in other cases, is not unconstitutional, as being either a local law or special legislation.

2. STATE—*rights of, in respect to suits—liability for costs.* The State can not be sued without its consent, nor can its power to sue and prosecute suits in all their various stages be limited or controlled, except by its sovereign power, properly exercised. It has the undoubted right to prosecute and defend all suits and maintain all legal proceedings, without cost or other restrictions.

3. MUNICIPAL CORPORATIONS—*as State instrumentalities, may have same exemptions as the State.* Public municipalities, such as counties, cities, villages, towns and school districts, and all officers suing for or defending the rights of the State, or acting for or instead of the State in respect of public rights, being only instrumentalities of the State, may constitutionally be authorized to sue without the payment of costs, or conforming to all the requirements imposed by the law upon natural persons or corporations formed for private gain.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the County Court of Coles county; the Hon. CHARLES BENNETT, Judge, presiding.

Messrs. CRAIG & CRAIG, for the plaintiff in error, contended that the act of the legislature exempting municipalities from giving a bond on appeal was in violation of the constitution, prohibiting local and special legislation,—citing Const. of 1870, art. 1, sec. 22; *Bull* v. *Conroe,* 13 Wis. 266; *Durkee* v. *Janesville,* 28 id. 471; 2 Yerg. 554; *Tate* v. *Bell,* 4 Yerg. 208; *Jones* v. *Perry,* 10 id. 77; *Mayor* v. *Dearmon,* 2 Sneed, 122; *Howe* v. *Railroad Co.* 1 Coldw. 78; *Vansant* v. *Waddell,* 2 Yerg. 258; *Officers* v. *Young,* 5 id. 320; *Busch* v. *Newberg,* 10 N. Y. 375; *Holden* v. *James,* 11 Mass. 396; *Hill* v. *Town of Sunderland,* 3 Vt. 507.

Mr. T. L. McGRATH, for the defendant in error, contended that the law was valid, as the city, in prosecuting under the ordinance, is not acting for private gain, but for the public good.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In this case there was an appeal by the city to the Appellate Court for the Third District. In that court a motion was made to dismiss the case, because the city had, under the act of 1879, (Sess. Laws, 222,) appealed without giving bond. It is now urged that section 71, as amended by that act, is unconstitutional, because it relieves all municipal corporations from the law requiring appellants and plaintiffs in error, on obtaining a *supersedeas,* from giving bond.

It is urged that section is violative of the constitution, because it is special or local legislation. Nothing could be more manifest than it is not local, because its operation extends to every portion of the State. This is too manifest to require the slightest notice. Had not cases been referred to that to some extent favor the position of appellant that it is special legislation to allow such appeals, we should have been inclined to hold that the proposition could not be raised to

the dignity of a constitutional question, and have dismissed it without consideration. We apprehend that no one will or can seriously contend that the State, or the sovereign body exercising the functions of a State, can be sued without its consent and permission; nor can its power to sue and prosecute suits in all of their various stages be limited or controlled, except by its sovereign power, properly exercised; nor can the State, representing sovereignty, be rendered liable for costs or damages in prosecuting or defending suits or legal proceedings, unless it so expressly declares by constitutional provision or legislative enactment. The State, whatever its form or its powers, has the unquestioned right, as representing the sovereign power, to prosecute and defend all suits and maintain all legal proceedings without cost or other restrictions, unless imposed by fundamental law, or self-imposed by legislative enactment. These are axiomatic principles, always admitted and never controverted. From and before the organization of the State it has ever prosecuted and defended suits, criminal and civil, without liability for costs, damages or forfeitures, and has prosecuted writs of error without bonds or any restrictions whatever,—and it is from the fact that sovereign power is not liable to be sued or put to expense in the assertion of its rights, and enforcing the laws for the protection of the governed against violence, wrong and oppression, and to protect them in the enjoyment of their rights of life, liberty and general security. It is believed that in no government, in ancient or modern times, has it been required to give bond for the payment of the costs of litigation, before bringing suit, or an appeal, or on error. Such a proposition would be unheard of in the history of government, and no one having the slightest knowledge of the principles of government will contend that any such restriction exists. This being true of the State government, it is necessarily true of all its officers, agents and instrumentalities, while employed in seeking the rights of the government in the courts of jus-

tice. Hence, officers suing for or defending the rights of the State are acting for and in the stead of the State, and to that extent not only may but should be permitted to do so on the same terms and for the same reasons the State is permitted to sue for or defend its rights.

Again, municipalities, such as counties, cities, villages, towns, school districts, and, in the language of the act, "all other municipal corporations," and the corporations of all charitable, educational, penal or reformatory institutions under the patronage and control of the State, and all public officers when suing or defending in their official capacity for the benefit of the public, are the instruments of the State to carry out its powers for the public welfare, and in exercising their powers and enforcing public rights they act as agents, and may have extended to them the same exemptions in suits as belong to the State. Municipal bodies act for the State, and to the extent authorized exercise the powers of government, and when so exercising such powers they may, when so authorized, do so without conforming to all of the requirements imposed by the practice on natural, or artificial persons created for the purposes of business or gain. The construction contended for would compel the State itself to give bond on appeal, or the granting of a *supersedeas*, in cases where the suit was for the benefit of the State and public welfare. Such a purpose could never have actuated the persons who framed and adopted the constitution.

But the question is not entirely new in this jurisdiction. In the case of *The People* v. *Wallace*, 70 Ill. 680, it was insisted that an act which required, as a prerequisite to an appeal from a judgment for taxes, that the person desiring to appeal should deposit the amount of the judgment in money with the treasurer, was unconstitutional; but the validity of the act was upheld and enforced. Again, in the case of *Andrews* v. *Ramsey*, 75 Ill. 598, the validity of the same law was sustained. It was there said: "While the right of appeal

from the final determination of county courts is conferred by the constitution, yet it can only be exercised under such conditions as may be imposed by the legislature. The language, 'Appeals and writs of error shall be allowed from the final determination of county courts, as may be provided by law,' (Const. sec. 19, art. 6,) is too plain to admit of doubt that it is purely a question for the legislature to determine how and upon what terms such appeals shall be granted." It will be observed that case goes much further than we are required to go in this case. That law related to and regulated appeals in cases of judgments for taxes differently from private suits or other suits by the People; and inasmuch as it embraced a class coëxtensive with the State, the law was held to be general, and it was sustained, although persons against whom judgment for taxes had been rendered, were compelled to submit to terms and conditions to procure an appeal in such cases as were not imposed on other persons in perfecting appeals in a different class of cases. Those cases are clearly conclusive of this question. The cases referred to by appellant do not announce the doctrine contended for by him. Were they under our constitution, they, by strained inference, might be supposed to lend some support to the doctrine; but they are under different constitutions, of the provisions of which we are not informed. We therefore presume they are correct, and required by their fundamental law; but if so, it does not follow that they apply to our organic law.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*