(No. 33246.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* DANIEL H. LEWIS *et al.,* Appellees.

*Opinion filed January 21, 1955—Rehearing denied March 22, 1955.*

118

JOHN GUTKNECHT, State's Attorney, of Chicago, (GORDON B. NASH, NATHAN J. KINNALLY, JOHN D. GRABER, and VINCENT P. FLOOD, of counsel,) for appellant, and ROBERT S. CUSHMAN, of Chicago, *amicus curiae.*

JULIA M. HAGERTY, of Chicago, for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The issue in this case is the validity of the 1953 amendment to section 216 of the Revenue Act of 1939, (Ill. Rev. Stat. 1953, chap. 120, par. 697,) which changed the method of computing the amount to be charged upon redemption

from a sale of real estate upon foreclosure in equity to satisfy the lien of delinquent taxes.

In such a foreclosure proceeding, delinquent taxes and special assessments amounting to $1554.17 were found to be a lien against property owned by John A. Gorkos and Olga M. Gorkos, his wife. A decree was entered and the property was thereafter sold at public sale to the highest bidder, George D. Hardin, who bid the sum of $474. Three days after the sale, the owners of the property sought to redeem, and tendered to the county clerk the amount of the bid plus interest computed at the rate of one per cent for one month.

The county clerk refused to accept the sum tendered upon the ground that by reason of the 1953 amendment to section 216 he was uncertain as to the amount necessary to effect a redemption. The property owners thereupon filed a petition alleging that the 1953 amendment was invalid. An answer was filed, and after a hearing the court entered a decree holding the amendment invalid and directing the county clerk to issue a certificate of redemption upon receipt of the sum originally tendered. The county clerk has appealed.

Enforcement of the lien of delinquent taxes by foreclosure in equity and sale of the property to the highest bidder has been authorized since 1881. (Laws of 1881, p. 130.) As enacted in 1939, section 216 contained no special provision concerning the interest to be paid upon redemption. (Laws of 1939, p. 964.) In 1943 it was amended to provide, "The interest to be paid upon redemption from all tax foreclosure sales held pursuant to decrees entered in suits commenced after July 1, 1943 shall be one per cent (1%) per month upon the amount for which the premises were sold for each of the first six months, or fraction thereof, from the date of sale, and thereafter at the rate of 6% per annum." Laws of 1943, vol. 1, p. 1085.

In 1953 this portion of section 216 was further amended to read: "The interest to be paid upon redemption from all tax foreclosure sales held pursuant to decrees entered in suits commenced after July 1, 1943 and before the effective date of this amendatory Act of 1953 shall be 1% per month upon the amount for which the premises were sold for each of the first six months, or fraction thereof, from the date of sale, and thereafter at the rate of 6% per annum. The interest or other amount in addition to the amount for which the property was sold to be paid upon redemption from all tax foreclosure sales held pursuant to decrees in suits commenced on or after the effective date of this amendatory Act of 1953 shall be computed in the same manner as is provided in Section 253 for redemption from tax sales except that in making such computation an amount equal to 12% of the amount for which the property was sold shall be used in lieu of the amount of the penalty bid." Laws of 1953, p. 1637.

The validity of the 1953 amendment is challenged upon the ground that it violates section 13 of article IV of the constitution in three respects. It is argued first that the amendment is invalid because it amends section 253 of the Revenue Act without setting forth that section at length in the amendatory act. Section 253 relates to redemption from annual tax sales. At such sales the successful bidders must pay in cash the amount of taxes, interest and costs charged against the property. Variation in the bids is not reflected in the amount to be paid by the successful bidder, but rather in the rate of penalty which the bidder is willing to accept upon redemption. Section 245 describes the method of determining the successful bidder at an annual tax sale: "The person at such sale offering to pay the amount due on each tract or lot for the least percentage thereon as penalty, shall be the purchaser of such tract or lot: Provided, that no bid shall be accepted for a penalty exceeding twelve per cent (12%) of

the amount of such tax or special assessment." Ill. Rev. Stat. 1953, chap. 120, par. 726.

So far as here pertinent, section 253 provides: "Real property sold under the provisions of this Act may be redeemed at any time before the expiration of two years from the date of sale, by payment in legal money of the United States to the county clerk of the proper county, the amount for which the same was sold, together with the amount of the penalty bid at such sale, if redeemed at any time before the expiration of six months from the day of sale; if between six and twelve months, the amount for which the same was sold, together with twice the amount of the penalty bid; if between twelve and eighteen months, the amount for which the same was sold, together with three times the amount of the penalty bid; if between eighteen months and two years, the amount for which the same was sold, together with four times the amount of the penalty bid at said sale." Ill. Rev. Stat. 1953, chap. 120, par. 734.

The amendment to section 216 does not purport to amend section 253, nor does it do so. Section 253 continues to govern redemptions from annual tax sales and it reads now exactly as it did before the amendment. Nothing has been added to it, and nothing has been taken from it. What the amendment did was (1) to incorporate into section 216, and make applicable to redemption from tax foreclosures in equity, the method of computing the amount due upon redemption which is prescribed in section 253, and (2) to fix twelve per cent of the amount for which the property was sold as the basis upon which the computation is to be made.

The General Assembly could have accomplished this result by copying into section 216 the language of section 253 dealing with the computation of the amount due upon redemption, and by providing that twelve per cent be assumed as the basis of the computation, but it was

not compelled to adopt that method. The familiar legislative technique of incorporating by reference the provisions of one statute into another does not violate the constitution. What was said in *Evans* v. *Illinois Surety Co.* 298 Ill. 101, 106, is appropriate here: "In making this argument counsel seems to have overlooked the long settled doctrine of this and other courts that it is a familiar legislative process to incorporate one statute into another by reference; that 'it is a method of legislation which is frequently followed and has uniformly been held to be free from constitutional objections. The effect of such reference is the same as though the statute or the provisions adopted had been incorporated bodily into the adopting statute.' (*People* v. *Crossley,* 261 Ill. 78.)" (See also, *People ex rel. Gutknecht* v. *City of Chicago,* 3 Ill. 2d 539, 550; *Zeman* v. *Dolan,* 279 Ill. 295, 298; *Turney* v. *Wilton,* 36 Ill. 385, 393.) The contention that section 253 is amended by reference is without merit.

The second contention is that "The subject matter of Section 253 relating to annual tax sales is not germane to the subject matter of Section 216 relating to foreclosure of tax liens in equity and any attempt by the legislature to combine the two in an amendment is therefore invalid under Section 13 of Article IV of the Illinois Constitution." And it is said that "Section 253, founded as it is on a low penalty bid redemption scheme, is entirely wanting in germaneness to Section 216 founded as it is on complete equity jurisdiction and high cash bids. The attempt to invoke the one to apply to the other when they are not fairly referable; the attempt by the legislature to mix two irreconcilable ingredients—two incoherent patterns—render the amendment void under the Constitution."

The pattern of redemption from tax foreclosure sales which existed before the amendment to section 216 did not achieve a constitutional status which is beyond the power

of the General Assembly to alter. No constitutional provision is suggested which precludes the legislature from establishing whatever pattern it deems appropriate for redemption from those sales. The method of redemption provided by the amendment is no less relevant to a section dealing with foreclosure and redemption than was the provision of section 216 with respect to redemption as it read prior to the amendment. The constitution does not commit the legislature to "a low penalty bid redemption scheme" or to a scheme of "high cash bids." It may select the provisions governing redemption which in its judgment are desirable. Prior to the adoption of the amendment the section dealt with the right to foreclose the tax lien in equity and the amount to be paid upon redemption. These are the same subjects with which the section deals after the amendment.

If the legislature believed that the tax collections could be stimulated by offering greater inducements to buyers at tax foreclosure sales and thereby securing more bidders and higher bids, and by increasing the risk involved in allowing taxes to become delinquent and so liable to foreclosure, section 13 of article IV of the constitution does not prevent it from implementing that belief in the manner here employed.

So far as section 13 of article IV is concerned, there can be no question but that the matter of the penalties to be paid upon redemption from tax sales is germane to the title of the Revenue Act of 1939, which is "An Act to revise the law in relation to the assessment of property and the levy and collection of taxes, and to repeal certain Acts herein named." The amendatory act stated in its title its purpose to amend the Revenue Act of 1939. It is settled that where an amendatory act refers to the title of the act amended, anything which could constitutionally have been included in the original act may be properly embraced

within the amendatory act. *Department of Public Works v. Chicago Title and Trust Co.* 408 Ill. 41, 50; *City of Evanston v. Wazau,* 364 Ill. 198, 203; *Malloy v. City of Chicago,* 369 Ill. 97.

The last contention is that the amendment was not read at large three times in the House of Representatives, as required by section 13 of article IV of the constitution. The amendment was introduced as House Bill No. 884. As introduced, it increased the amount to be paid upon redemption from tax foreclosure sales from one per cent for the first six months and six per cent per annum thereafter, to two per cent per month. On second reading the bill was amended by striking out the provision for two per cent per month and substituting the provisions which appear in the bill as finally enacted. It has long been established that amendments to bills need not be read on three separate days in each house so long as the amendment is germane to the general subject matter of the original bill. (*People v. Hightower,* 414 Ill. 537, 540; *People ex rel. Brady v. La Salle Street Trust and Savings Bank,* 269 Ill. 518, 522; *People ex rel. Beardsley v. Wallace,* 70 Ill. 680, 681.) Here the bill as originally introduced and the amendment dealt with the same subject—the amount to be paid upon redemption from tax foreclosure sales. In the enactment of House Bill No. 884, therefore, there was no violation of section 13 of article IV of the constitution.

From what has been said it follows that the circuit court was in error in holding the amended statute invalid, and that its judgment must be reversed and the cause remanded, with directions to proceed in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*