Emmy AUSTIN and William L. Austin, Sr., next of kin of William L. Austin, Jr., Appellees,

v.

MEMPHIS PUBLISHING COMPANY, the Commercial Appeal and Memphis Press-Scimitar, Appellants.

Court of Appeals of Tennessee, Western Section.

July 31, 1981.

Permission to Appeal Denied by Supreme Court Sept. 21, 1981.

Jon P. McCalla and S. Russell Headrick, Memphis, for appellants.

Robert M. Johnson and Patrick M. Ardis, Memphis, for appellees.

MATHERNE, Judge.

This appeal involves T.C.A. § 24–1–208, the Shield Law which grants to news media a qualified protection from producing certain information and sources of information.

The parties seeking the information are plaintiffs in a tort action pending in Shelby County, Tennessee, styled *Emmy Austin and William L. Austin, Sr., next of kin of William Austin, Jr. v. County of Shelby, et al.*, No. 94707 T.D. The tort lawsuit is an action for damages due to the alleged wrongful death of the plaintiffs' son as result of the collapsing of a bridge on Perkins Road over Nonconnah Creek.

Upon filing the tort lawsuit, the plaintiffs caused subpoenas to be issued to Memphis' four television stations and two newspapers, seeking materials in their files relating to this unfortunate event. The television stations complied; the newspapers refused.

On motion of the newspapers, the subpoenas duces tecum were quashed by order of the trial judge in the tort lawsuit on March 23, 1981. The basis of the ruling being that T.C.A. § 24–1–208 gave an absolute shield to newspapers which protects them against being compelled to disclose any information in their files. Thereafter, the plaintiffs in the tort lawsuit moved the court to reconsider that ruling. The grounds for the motion to reconsider the order quashing the subpoenas were that the statute (1) violates the due process clauses of the state and federal constitutions, and (2) violates article XI, section 8 of the Constitution of Tennessee. The attorney general was served with notice and appeared before the trial judge on the argument of the motion to reconsider.

Upon reconsidering the ruling which quashed the subpoenas, the trial judge reversed himself and entered an order that T.C.A. § 24–1–208 did not apply so as to deny the plaintiffs the information sought by the subpoenas, and he ordered the two newspapers to comply with the subpoenas. The order stayed compliance for 30 days "pending perfection of an appeal by the newspapers." On motion of the two newspapers, this court entered an order on July 24, 1981, staying the compliance with the subpoenas until further orders of this court.

The parties seem to treat the matter as one of constitutional interpretation of the statute. We hold that we do not reach that issue because the requirements of the statute were not followed, and the trial court did not have subject matter jurisdiction to interpret the statute as it applied to the subpoenas issued in the tort lawsuit.

The procedure to be followed by any person seeking information otherwise rendered privileged by the statute is clearly set out at T.C.A. § 24–1–208(c), as follows:

(c)(1) Any person seeking information or the source thereof protected under this section may apply to the Court of Appeals for an order divesting such protection. Such application shall be made to the Court of Appeals in the grand division of the state of Tennessee wherein

the hearing, action or other proceeding in which the information sought is pending.

(2) The application shall be granted only if the court after hearing the parties determines that the person seeking the information has shown by clear and convincing evidence that:

(A) There is probable cause to believe that the person from whom the information is sought has information which is clearly relevant to a specific probable violation of law;

(B) The person has demonstrated that the information sought cannot reasonably be obtained by alternative means; and

(C) The person has demonstrated a compelling and overriding public interest of the people of the state of Tennessee in the information.

(3) An order of the Court of Appeals may be appealed to the Supreme Court of Tennessee. [Acts 1973, ch. 27, §§ 1–3; T.C.A., § 24–113—24–115.]

██ It is clear that the legislature gave to the court of appeals original jurisdiction to hear any person's attempt to obtain information otherwise protected by the act. It did not give any jurisdiction of that subject matter to the trial courts of Tennessee. When the privilege under the statute is asserted, the only recourse to the person seeking the information is to apply to the court of appeals as allowed by T.C.A. § 24–1–208(c). By filing the motion to quash the subpoenas, the newspapers asserted that privilege.

██ We, therefore, conclude that the trial court lacked subject matter jurisdiction to make a decision interpreting T.C.A. § 24–1–208 as that statute relates to the subpoenas issued in the tort lawsuit. All orders and holdings of the trial court pertaining to T.C.A. § 24–1–208 are hereby declared null, void, and of no effect. This ruling is without prejudice to the rights of the plaintiffs in the tort lawsuit to proceed as allowed by T.C.A. § 24–1–208(c). This cause is remanded to the trial court for such further proceedings as the law allows.

The costs in the trial court and in this court pertaining to the attempt to obtain the information from the two newspapers are adjudged one-half against each party for which execution may issue, if necessary.

NEARN and SUMMERS, JJ., concur.