## RODDY MANUFACTURING CO.
### v.
### Martha B. OLSEN, Commissioner of Revenue.

### COCA COLA BOTTLING COMPANY OF MEMPHIS, Tennessee
### v.
### Martha B. OLSEN, Commissioner of Revenue.

### COCA COLA BOTTLING COMPANY OF WEST TENNESSEE
### v.
### Martha B. OLSEN, Commissioner of Revenue.

Supreme Court of Tennessee.

Dec. 19, 1983.

Mack A. Gentry, Gentry & Wagner, Knoxville, for appellee Roddy Mfg.

Michael A. Robinson, Glankler, Brown, Gilliland, Chase, Robinson & Raines, Steven H. McCleskey, Glankler, Brown, Gilliland, Chase, Robinson & Raines, Memphis, for appellee Coca Cola Bottling.

William M. Leech, Jr., Atty. Gen., J. Robert Walker, Asst. Atty. Gen., Nashville, for appellant.

## OPINION

FONES, Chief Justice.

The primary issue in these consolidated cases is whether a 1981 amendment of T.C.A. § 67–4102, Item B, that imposes a privilege tax on soft drink bottlers, allows bottlers a credit for all franchise and excise taxes paid regardless of the source of the business revenue or limits the credit to the franchise and excise taxes paid on that portion of business revenue derived solely from the manufacture and sale of bottled soft drinks.

The Roddy case involves a second issue, to-wit: did the 1981 amendment of T.C.A. § 67–4102 Item B have the effect of amending by implication T.C.A. § 67–4203, Item 65(c)(1) that imposes a vending machine tax, and provides for the same credit "codified in Item B of § 67–4102," which section was not specifically amended nor referred to directly or indirectly in the amendment of T.C.A. § 67–4102 Item B.

The Knox County chancellor held that the clear and unambiguous language of the 1981 amendment required an interpretation that soft drink bottlers were entitled to credit for *all* franchise and excise taxes paid and awarded Roddy recovery for the additional assessment of taxes paid under protest after the Commissioner recomputed its taxes allowing credit only for that portion of the franchise and excise taxes attributable to the manufacture and sale of bottled soft drinks. The chancellor did not specifically address the second issue involving the proper credit allowable against the vending machine tax but in awarding Roddy a monetary judgment based upon allowance of full credit for franchise and excise taxes implicitly held that the 1981 amendment also amended Item 65(c)(1) of § 67–4203.

The Shelby County chancellor awarded the two Coca-Cola companies a judgment on the pleadings for the amount of taxes paid under protest, based upon the same interpretation of the 1981 amendment as that of the Knox County chancellor.

T.C.A. § 67–4102, Item B, imposes a privilege tax upon bottlers and manufacturers of soft drinks and other related substitute beverages. The tax is levied upon the gross receipts derived from such businesses for the privilege of being allowed to engage in said businesses. Prior to 1981, section 5 to the statute in question provided for a credit as follows:

(5) There shall be credited upon the tax hereby imposed by this item any taxes paid on the business of manufacturing and producing any bottled soft drinks under the franchise tax law and under the excise tax law during the calendar year in which the tax hereby levied becomes due.

However, Chapter 307 of the Public Acts of 1981 amended the credit provision, in pertinent part, as follows:

(5) Any taxes paid pursuant to the provisions of Chapter 27 and 29 of this title shall be a credit against the tax imposed by this item.

(a) The credit taken on any return shall not exceed seventy-eight and ninety-five hundreths percent (78.95%) of the tax liability shown on any tax return.

In addition to changing the credit allowance, the Act increased the gross receipts tax rate from 1.5 percent to 1.9 percent for the "sole purpose of funding programs for the collection of litter and trash along county, state and interstate roads and highways within the respective counties."

The Commissioner takes the position that amended Item B(5) allows the appellees credit for only that portion of their franchise and excise taxes which is attributable to the manufacture and sale of bottled soft drinks. In short, the commissioner says that the 1981 amendment made no change whatever in the base for computation of the

franchise and excise tax credit. That position obviously ignores the legislative change of language from, *any taxes* "paid on the business of manufacturing and producing any bottled softdrinks" to *any taxes* "paid pursuant to the provisions of chapter 27 and 29 of this title." Chapter 27 imposes excise taxes on corporations and chapter 29 imposes franchise taxes on corporations.

█ We think the commissioner's interpretation is contrary to the plain language of the amended credit provision. It is clear that the Legislature replaced the former qualitative limit, that is, a credit for franchise and excise taxes paid "on the business of manufacturing or producing any bottled soft drinks," with a quantitative limitation, that being, a credit for "any" franchise and excise taxes paid provided the credit doesn't exceed the designated cap of 78.95% of the tax liability. It is axiomatic that "any" is synonymous with "all." As this Court has consistently held, the courts are restricted to the natural and ordinary meaning of the language used in the statute, unless an ambiguity requires resort elsewhere to ascertain legislative intent. *E.g. Austin v. Memphis Publishing Co.,* 621 S.W.2d 397 (Tenn.App.1981); *Worrall v. Kroger,* 545 S.W.2d 736 (Tenn.1977). The Commissioner understandably takes the position that the Legislature surely did not intend to increase the amount of credit allowed bottlers in a statute wherein the rate was being increased. We have no authority to contemplate that proposition because the natural and ordinary meaning of the language used by the Legislature granted soft drink bottlers a credit against the privilege tax of all franchise and excise taxes paid without qualification or limitation.

Turning to the second issue applicable only to the Roddy case, the Commissioner insists that the applicable rule of statutory construction is that the adoption of a statute by reference is construed as an adoption of the law as it existed at the time the adopting statute was passed, and, therefore, is not affected by any subsequent modification of the statute adopted unless clear legislative intent to do so is manifested. In support of that position the Commissioner cites 82 C.J.S. *Statutes* § 370 (1953); 2A *Sutherland Statutory Construction* § 51.08 (4th ed. 1973).

█ While our research does not reveal any Tennessee case that has adopted this rule of statutory construction we think it is an appropriate rule to apply where the intent of the Legislature is not clear with respect to whether the adopting statute is to be amended by implication. Accordingly, we adopt the following rule as stated in *Hassett v. Welch,* 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858 (1938):

> " 'Where one statute adopts the particular provisions of another by a specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions adopted had been incorporated bodily into the adopting statute. * * * Such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications of the statute so taken unless it does so by express intent.' " *Id.* at 314, 58 S.Ct. at 564.

We are convinced that the weight of authority follows this rule where as here the adopting statute refers to another statute which alone is amended. *See also Belk v. Bean,* 247 So.2d 821 (Miss.1971); *Norton v. Department of Employment,* 94 Idaho 924, 500 P.2d 825 (1972); *People v. Lewis,* 5 Ill.2d 117, 125 N.E.2d 87 (1955); and *Powell v. Levy Court of Kent County,* 236 A.2d 374 (Del.1967).

█ The result is that the judgment of the Chancery Court of Shelby County is affirmed in the two cases appealed from that court. The judgment of the Chancery Court of Knox County with respect to the credit allowable on Item B is affirmed and its judgment with respect to the credit allowable on Item 65(c)(1) is reversed. The cases are remanded to their respective trial

courts for the entry of appropriate monetary judgments. The costs in the Knox County case are assessed two-thirds against Commissioner and one-third against Roddy. The costs in the Shelby County cases are assessed against defendant.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.