**KELLOGG COMPANY,**
**Plaintiff-Appellee,**

v.

**Martha B. OLSEN, Commissioner of Revenue, State of Tennessee, Defendant-Appellant.**

Supreme Court of Tennessee, at Nashville.

Sept. 10, 1984.

James C. Gooch, Carter R. Todd, Bass, Berry & Sims, Nashville, for plaintiff-appellee.

Gregory L. Nelson, Asst. Atty. Gen., Nashville, for defendant-appellant; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

BROCK, Justice.

The plaintiff brought this action to recover from the defendant Commissioner certain excise taxes paid under protest. The amount in controversy represents a reduction by the Commissioner of the dividends received deduction claimed by plaintiff pursuant to T.C.A., § 67–2704(b) [now § 67–4–805(b)(2)(A)]. The trial court held that plaintiff was entitled to the refund, and the Commissioner brought this appeal.

Plaintiff is a Delaware corporation doing business in Tennessee and subject to the Tennessee corporate excise tax. During the fiscal years 1978, 1979, and 1980, plaintiff received dividends from foreign subsidiary corporations. In computing its tax for those years, plaintiff deducted the full amount of those dividends in arriving at its "net earnings." In 1982 the Commissioner assessed plaintiff for additional excise taxes because plaintiff had failed to reduce its dividends received deduction by the amount of expenses incurred in earning the dividends. Because no documentation of such expenses was provided by plaintiff, the Commissioner estimated the expenses allocable to earning the dividend income as 5% of the dividends received.

Pursuant to T.C.A., § 67–2701 *et seq.* [now § 67–4–801 *et seq.*], an excise tax is levied upon the net earnings of all corporations which do business in Tennessee. Under § 67–2704, "net earnings" is defined as federal taxable income before the operating loss deduction and special deductions provided for in Sections 241–247, 249, and 250 of the Internal Revenue Code, and subject to adjustments specified in the statute. At issue in the present case is the adjustment authorized by § 67–2704(b), which provides in pertinent part:

"There shall be subtracted from the federal taxable income:

"(1) Dividends earned by a parent corporation from a subsidiary corporation where such parent owns eighty per cent (80%) or more of the stock of the subsidiary."

The issues presented are (1) whether § 67–2704(b), or § 67–2723(c)(1) [now 67–4–812(c)(1)(A)] authorizes the Commissioner to reduce the dividends received deduction by an amount equal to the expenses incurred by the corporate taxpayer in earning the dividends, and, (2) if so, whether the Commissioner's estimation of such expenses as 5% of the amount of the dividends received, in the absence of other proof, was proper.

■ In support of her assessment of additional taxes, the Commissioner's first contention is that the tax structure necessarily implies that the deduction allowed by 67–2704(b)(1) is for net dividends received, or dividends received reduced by the amount of expenses incurred in earning them. We disagree.

"[T]he courts are restricted to the natural and ordinary meaning of the language used in the statute, unless an ambiguity requires resort elsewhere to ascertain legislative intent." *Roddy Mfg. Co. v. Olsen,* 661 S.W.2d 868, 871 (Tenn.1983).

The statute in question authorizes the subtraction of dividends earned by the parent corporation from an 80% or more owned subsidiary, without qualification. It is unambiguous, leaving no basis for limiting the authorized deduction by implication.

*FMC Corp. v. Woods,* 618 S.W.2d 307 (Tenn.1981), relied upon by the Commissioner, is not controlling. That case held that the expenses incurred in earning dividend income were properly netted against the amount of the dividends in arriving at the dividends received deduction. However, that case was decided under prior law, which did not define "net earnings." This Court gave the term its usual and ordinary meaning of "what is left of earnings after deducting necessary and legitimate expenses incidental to the corporate business." 618 S.W.2d at 308. That definition has now been replaced with a clear and precise statutory definition based on federal taxable income, as indicated above. That definition, along with the unambiguous language of the dividends received de-

duction, leaves no room for this Court to read into the current statute an implied exception to the full deductibility of dividends received from an 80% or more owned subsidiary.

■ The Commissioner next contends that the reduction of the dividends received deduction by the amount of expenses incurred in earning the dividends is necessary to clearly reflect the income of the plaintiff, and therefore her power under T.C.A., § 67–2723(c)(1) is properly invoked.

Section 67–2723(c) provides in pertinent part:

"In order to prevent the evasion of taxes or to clearly reflect income under circumstances similar to those contemplated by section 482 of the Internal Revenue Code, the commissioner of revenue is given authority to (1) Make allocations of income, deductions, and other tax attributes among members of an affiliated group of corporations."

Section 482 of the Internal Revenue Code reads as follows:

"In any case of two or more organizations, trades, or businesses (whether or not incorporated, whether or not organized in the United States, and whether or not affiliated) owned or controlled directly or indirectly by the same interests, the Secretary may distribute, apportion, or allocate gross income, deductions, credits, or allowances between or among such organizations, trades, or businesses, if he determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect the income of any of such organizations, trades, or businesses."

To determine the scope of authority granted by § 67–2723(c)(1), it is necessary to look to judicial interpretations of § 482 as an indication of the legislative intent behind the Tennessee provision.

The purpose of § 482 is "to prevent the arbitrary shifting of income and deductions among controlled corporations and to place such corporations on a 'tax parity' with uncontrolled corporations." *Young & Ru-*

*bicam, Inc. v. United States,* 410 F.2d 1233, 1244 (Ct.Cl. 1969), *citing* Treas.Reg. § 1.482–1(1962). It "is directed to the correction of particular situations in which the strict application of the other provisions of the act will result in a distortion of income of affiliated organizations." *National Securities Corp. v. Com'r of Internal Revenue,* 137 F.2d 600, 602 (3rd Cir.), *cert. denied,* 320 U.S. 794, 64 S.Ct. 262, 88 L.Ed. 479 (1943). The distortion, however, must be more than that which necessarily results from the application of a particular provision of the Internal Revenue Code before it can be corrected by the use of § 482. In the context of nonrecognition provisions, it has been stated that § 482

"cannot be allowed, in the absence of a taint, to change or modify (on the ground of income distortion) a transaction which Congress has seen fit to authorize specifically in spite of the fact that the transaction may well embody some sort of income distortion. Having contemplated and authorized that possible distortion, Congress is not to be frustrated by use within the [Internal Revenue] Service of the general provisions of Section 482." *See Ruddick Corp. v. United States,* 643 F.2d 747, 752 (1981). *See also General Electric Co. v. United States,* 3 Cl.Ct. 289 (1983).

■ Section 67–2723(c)(1) is properly invoked in the same circumstances as § 482, as described above. Those circumstances are not present in this case. The Commissioner points to the distortion which results when expenses incurred in earning non-taxable income are deductible as justification for her reduction of the dividends received deduction. That distortion, if any, is not peculiar to the facts of this case. It will exist in every situation in which the deduction is available to a corporation, and therefore we believe the distortion was contemplated and authorized by the legislature. The Commissioner's authority under § 67–2723(c)(1) is not properly invoked to rewrite what she perceives to be an unwise provision in the statutory scheme.

■ The Commissioner's invocation of her § 67–2723(c)(1) authority in this case cannot be sustained for an additional reason. The authority conferred under that section allows the Commissioner to "make *allocations* of income, deductions, and other tax attributes *among* members of an affiliated group of corporations." (Emphasis added.) The Commissioner is using that authority in the present case to disallow a portion of the dividends received deduction rather than allocate it to a member of an affiliated group. There is no claim that plaintiff's subsidiaries are entitled to the disallowed portion of the deduction. The complete disallowance of a portion of a deduction exceeds the Commissioner's authority under § 67–2723(c)(1). Compare Treas.Reg. § 1.482–1(d)(2); *Continental Equities, Inc. v. C.I.R.*, 551 F.2d 74 (5th Cir.1977).

In light of our resolution of the first issue, we find it unnecessary to reach the second.

The decree of the Chancellor is affirmed. Costs are taxed against the appellant.

COOPER, C.J., FONES, HARBISON and DROWOTA, JJ., concur.