Hubert HENDERER (Deceased), by
Phyllis STARKEY, Executrix,
Plaintiff–Appellee,

v.

STATE BOARD OF EQUALIZATION,
et al., Defendants–Appellants.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Dec. 16, 1987.

Permission to Appeal Denied by Supreme Court Feb. 29, 1988.

Kevin Key, William P. Sizer, Asst. Atty. Gen., Nashville, for defendants-appellants.

G. Gordon Bonnyman, Jr., Legal Services of Middle Tenn., Inc., Nashville, for plaintiff-appellee.

## OPINION

CANTRELL, Judge.

This action concerns the eligibility of a co-owner of real property for the tax relief afforded elderly low income home owners by T.C.A. § 67–5–702. The Chancellor held that the applicant is entitled to the relief. We affirm.

In 1973 the Legislature provided for reimbursement, out of the general funds of the state, of a portion of the local property taxes paid by certain home owners. *See* T.C.A. § 67–5–702(a)(1). As amended, the statute now requires that in order to qualify for the reimbursement the home owner must have attained the age of sixty-five years and must have an income less than the amount fixed each year by the Legislature in the General Appropriations Act. T.C.A. § 67–5–702(a)(2). For the 1986 tax year the Legislature fixed the level below which a tax payer qualified for the reimbursement at $9,200.

The Legislature did not distinguish between persons who owned their homes individually and those who owned them jointly with someone else. However, the State Board of Equalization adopted a rule which requires that the income from all owners of the property be counted in determining whether an applicant for reimbursement met the income requirements. Rule 0600–3–.02(1), 0600–3–.08(1).

The applicant in this case lived in the home but owned it jointly with his sister. The applicant's income for the year in question was less than the maximum set by the Legislature in the General Appropriations Act. However, his income combined with that of his sister exceeded the cut-off level for tax relief.

In a contested case proceeding, the State Board of Equalization held that its rule was valid and that the combined income of the applicant and his sister rendered him ineligible for tax relief for the year in question.

On review in the Chancery Court of Davidson County the Chancellor held that the Board's rule was inconsistent with the statute. In the opinion of the Chancellor the statute created a personal entitlement while the Board's rule converted the entitlement into a right based on the qualification of the property. Thus, the Chancellor reversed the Board and granted the applicant relief for his one-half of the tax on his home.

The only issue on appeal is whether the Chancellor was correct in granting relief to the applicant.

■ The authority for granting tax relief to elderly low-income taxpayers came from the 1972 amendments to our Constitution. A portion of Article II, Section 28 adopted that year provided:

> The Legislature shall provide tax relief to elderly low income taxpayers through payments by the State to reimburse all or part of the taxes paid by such persons on owner occupied residential property ... provided further, that such relief shall not extend to persons having a total annual income from all sources in excess of four thousand eight hundred dollars ($4,800).

In 1982 Article II, Section 28 was amended to its present form:

> The Legislature shall provide, in such manner as it deems appropriate, tax relief to elderly low-income taxpayers through payments by the State to reimburse all or part of the taxes paid by such persons on owner occupied residential property ...

Following the 1972 amendment to Article II, Section 28, the Legislature passed what is now T.C.A. § 67–5–702. That section provides as follows:

> (a)(1) There shall be paid from the general funds of the State to certain low income taxpayers sixty-five years of age or older the amount necessary to pay or reimburse such taxpayers for all or part of the local property taxes paid for a given year on that property which the taxpayer owned and used as his residence as provided herein.

The statute was amended after the 1982 amendments to provide that the Legislature could set the maximum income in the General Appropriations Act. In addition the Legislature amended the Act to provide that anyone attaining the age of sixty-five before December 31 of the tax year would qualify for tax relief.

The rules adopted by the Board of Equalization provide as follows:

0600–8–.02 **Definitions.**

(1) "Taxpayer" is hereby defined to be the applicant, except for determination of income. The income from all owners of the property shall be considered.

\* \* \* \* \* \*

0600–8–.08 **Income Requirement.**

(1) A taxpayer, in order to satisfy the income requirement, must not receive a yearly income in excess of the statutory limit. The yearly income will be the *total combined income of all property owners* for the calendar year prior to the year for which property tax relief is requested. *All* income must be included. (Emphasis in the original)

We are of the opinion that, as applied to the applicant, Mr. Henderer, the Board rules do conflict with the statute and are invalid. We stop short, however, as did the Chancellor of declaring the rules invalid as applied to other individuals holding the title to property under other circumstances or legal relationships. We express no opinion, for instance, as to the validity of the rule when applied to an owner of property holding title thereto as a tenant by the entireties. That question is not before us.

The only requirements for qualification under the statute are (1) attainment of the age of sixty-five years before December 31 of the tax year, (2) ownership of the property in question and use of the property by the applicant as his residence, and (3) income of the taxpayer less than the maximum set by the Legislature. The Board's rules, however, add a requirement that the income of all owners of the property must be considered in determining eligibility under the statute. As applied to the case at bar the rules are inconsistent with the plain meaning of the statute. *Roddy Manufacturing Co. v. Olsen,* 661 S.W.2d 868, 871 (Tenn.1983).

■ The Board contends that T.C.A. § 65–5–702 is a grant of partial exemption from taxation and that exemptions from taxation are to be construed most strongly against the parties claiming them. *See Crown Enterprises, Inc. v. Woods,* 557 S.W.2d 491, 493 (Tenn.1977). We do not agree with this analysis. The Tax Relief Statute is not an exemption statute at all. The property remains subject to the tax at all times and presumably cities and coun-

ties receive the full benefit of the property tax. The statute only provides that elderly low-income taxpayers are entitled to reimbursement out of state funds of a part of the taxes paid. Therefore, the rule cited by the Board does not apply to this case.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for the enforcement of its judgment and any other proceedings consistent with this opinion. Tax the costs on appeal to the Board.

TODD, P.J., and KOCH, J., concur.