**SOUTHERN RAILWAY COMPANY,**
**Plaintiff–Appellant,**

v.

**Dudley TAYLOR, Commissioner of Revenue, State of Tennessee, and the Department of Revenue of the State of Tennessee, Defendants–Appellees.**

Supreme Court of Tennessee,
at Nashville.

June 10, 1991.

Everett B. Gibson, Laughlin, Halle, Gibson & McBride, Memphis, for plaintiff-appellant.

Charles W. Burson, Atty. Gen. & Reporter, Joe C. Peel, Asst. Atty. Gen., Nashville, for defendants-appellees.

OPINION

REID, Chief Justice.

This is a suit by Southern Railway Company (Southern) for the recovery of corporate excise taxes paid by Southern pursuant to an assessment made by the Commissioner of Revenue as the result of a 1986 audit of the taxpayer's 1984 tax return. The suit contests the Commissioner's disallowance of a net operating loss carryover claimed by the taxpayer on its 1984 return and seeks the recovery of $215,979.04 in taxes, interest, and penalties paid pursuant to an assessment made by the Commissioner.

The Tennessee Excise Tax Law, T.C.A. § 67–4–801 *et seq.*, imposes a tax on corporations doing business in Tennessee equal to six percent of the corporation's annual "net earnings." Section 67–4–805(a)(1), T.C.A., defines "net earnings" as

> federal taxable income before the operating loss deduction and special deductions provided for in 26 U.S.C. §§ 241–247 and 249–250, and subject to the adjustments in subsection (b).

The adjustments in subsection (b) of § 67–4–805 that are relevant in this case are as follows:

> (2) There shall be subtracted from the federal taxable income:
>
> (A) Dividends earned by a parent corporation from a subsidiary corporation where such parent owns eighty percent (80%) or more of the stock of the subsidiary;
>
> ....

(C) Any net operating loss incurred, which is defined as the excess of allowable deductions over total income allocable to this state for the year of the loss, and which may be carried over and allowed in succeeding tax years until fully utilized in the next succeeding taxable year or years in which the taxpayer has net income, . . . .

"Taxable income" for federal income tax purposes, which is the beginning point under T.C.A. § 67–4–805(a)(1) for defining "net earnings" for Tennessee excise tax purposes, is defined in Section 63 of the Internal Revenue Code of 1986, as amended (I.R.C.), as "gross income minus the deductions allowed by this chapter" ("this chapter" consists of I.R.C. §§ 1–1399). "Gross income" is defined in I.R.C. § 61 as "all income from whatever source derived."

Pursuant to T.C.A. § 67–4–805, all of the items of gross income and all of the deductions that are taken into account in determining federal "taxable income" are also taken into account in determining "net earnings" for excise tax purposes, except as specifically provided otherwise in § 67–4–805. One of the instances in which T.C.A. § 67–4–805 does specifically provide otherwise is with respect to deductions for dividends received from other corporations. These are among the "special deductions provided for in 26 U.S.C. §§ 241–247 and 249–250" that are referred to in T.C.A. § 67–4–805(a)(1). Under these I.R.C. provisions, a corporation is allowed a deduction equal to 70% of dividends received from a second corporation; the deduction allowed is equal to 80% of dividends received if the recipient corporation owns 20% or more (but less than 80%) of the stock of the corporation paying the dividend. In 1984, the tax year involved in this case, the deduction allowed was 85% if the recipient owned less than 80% of the stock of the paying corporation. In the case of a corporation of which 80% or more of the outstanding stock is owned by the recipient corporation, the deduction allowed in computing federal "taxable income" is equal to 100% of the dividends received.

In computing "net earnings" for excise tax purposes, T.C.A. § 67–4–805(a)(1) does not allow the deduction for dividends received in accordance with the terms of I.R.C. §§ 241–247 and 249–250. Instead, T.C.A. § 67–4–805(b)(2)(A) allows a deduction equal to 100% of dividends received from a corporation of which 80% or more of the stock is owned by the recipient corporation (such dividend-paying corporations are hereinafter referred to as "80% subsidiaries"). Thus, the difference in the treatment of dividends received under the two tax statutes is that a partial deduction for dividends received from non–80% subsidiaries is allowed for federal income tax purposes, but no deduction is allowed for such dividends for Tennessee excise tax purposes. With respect to dividends from 80% subsidiaries, federal income tax treatment and Tennessee excise tax treatment are in accord in allowing a 100% deduction.

A 100% deduction for dividends received from 80% subsidiaries offsets the inclusion of such dividends in gross income. Such an offsetting deduction is justifiable from a tax policy standpoint because, to the extent that two corporations are under common ownership, the payment of a dividend from one corporation to the other does not represent real economic income, but merely the transfer of funds from one commonly-owned corporate pocket to another.

In its 1984 tax return, Southern claimed a net operating loss carryover based on its 1981, 1982, and 1983 losses. In calculating net operating loss for each year, it did not add to its "net earnings" for excise tax purposes for those years the dividends it received from its 80% subsidiaries. The Commissioner disallowed the carryover pursuant to its Rule 1320–6–1–.21, which is as follows:

The term "net operating loss" is defined by T.C.A. § 67–4–805 of the excise tax law as the excess of allowable deductions over total income allocable to this state for the year of the loss. The loss is the same as that reported for federal income tax purposes before any operating loss adjustment and special deductions provided for in the Internal Revenue Code, and the loss is subject to the

adjustments (additions and subtractions) provided for in Section 67–4–805. The amount of the loss that may be carried forward will be subject to the following adjustments:

(a) There shall be added to the net loss as determined for excise tax purposes, all nonbusiness earnings, all interest, dividends excluded from net earnings pursuant to Section 67–4–805 and any other income excluded from net earnings pursuant to Section 67–4–805.

The issue in this case is whether dividends from 80% subsidiaries (which are included in gross income but are subtracted therefrom, pursuant to T.C.A. § 67–4–805(b)(2)(A), in determining "net earnings" in a taxable year), which are included in "total income" for purposes of § 67–4–805(b)(2)(C), are an "allowable deduction" for purposes of T.C.A. § 67–4–805(b)(2)(C), in determining net operating loss.

■ There is nothing in the language or legislative history of T.C.A. § 67–4–805 that suggests that the "allowable deductions" referred to in subsection (b)(2)(C) thereof, for purposes of computing a net operating loss, are any different from the deductions that are allowable for purposes of computing "net earnings." As indicated above, the deductions that are allowable under § 67–4–805 in computing net earnings for Tennessee excise tax purposes are the same as those that are allowable in computing federal taxable income, except as specifically provided otherwise in § 67–4–805. In computing net earnings, a deduction is allowed equal to 100% of dividends received from 80% subsidiaries; the same deduction should be allowed in computing a net operating loss under T.C.A. § 67–4–805(b)(2)(C).

■ The effect of Rule 1320–6–1–.21(2)(a), which calls for dividends received from 80% subsidiaries to be added back to a net loss as determined for excise tax purposes, is to disallow the deduction. Thus, this rule is inconsistent with T.C.A. § 67–4–805(b)(2)(C).

■ This Court, in *Kellogg Co. v. Olsen*, 675 S.W.2d 707 (Tenn.1984), held that, giv-

en the unambiguous language of T.C.A. § 67–4–805(b)(2)(A) in providing a deduction for 100% of dividends received from 80% subsidiaries, the Commissioner acted in error in attempting to reduce that deduction by an amount equal to expenses incurred in earning such dividends. In that case, the Commissioner's action was not supported by a rule that had been promulgated by the Department of Revenue. The existence of a Department of Revenue rule, however, could not have validated an action by the Commissioner that was contrary to statutory provisions. As the Court held in *Holiday Inns, Inc. v. Olsen*, 692 S.W.2d 850 (Tenn.1985),

> If the rules and regulations promulgated by the Commissioner of Revenue are inconsistent with the statute, then they are void.

*Id.* at 853.

The Commissioner relies upon *First American National Bank v. Olsen*, 751 S.W.2d 417 (Tenn.1987), in which the taxpayer contended that it was not required to include interest on Tennessee and federal bonds as income in determining a net operating loss carryover. Upon insistence by the taxpayer that including interest on federal bonds as income "constitutes taxation" in violation of 31 U.S.C. § 3124(a), the Court held:

> T.C.A. § 67–4–805(2)(C) [now § 67–4–805(b)(2)(C)] is intended to permit the carryover of actual economic losses and thus all taxable income is included in determining whether such an actual loss exists for excise tax purposes.... This nondiscriminatory treatment of State and Federal obligations is consistent with the requirements of 31 U.S.C. § 3124(a).

*Id.* at 422 (citation omitted). The Court added, "We think it evident that the Legislature intended net operating losses for the purpose of the carryover provision to reflect actual economic losses." *Id.*

The Commissioner, relying upon the Court's reference in that case to economic losses, argues that T.C.A. § 67–4–805 limits net operating loss carryover to "actual economic losses" and does not include "paper losses." The extension of the Commis-

**580**

sioner's argument is that the exclusion of 80% subsidiary dividends, like the exclusion of interest on federal bonds, results in a "paper loss," not an "actual economic loss" and, therefore, is not permitted by the statute.

The Commissioner's reliance upon *First American National Bank v. Olsen, supra,* is misplaced for two reasons. Most importantly, that case, unlike this one, did not involve a question of statutory construction or the allowance of deductions under § 67–4–805; rather, it dealt with a taxpayer's contention that T.C.A. § 67–4–805(b)(2)(C) was unconstitutional and violated the provisions of 31 U.S.C. § 3124(a). In addition, as pointed out above, the allowance of a deduction for dividends received from 80% subsidiaries that offsets the inclusion thereof in gross income is appropriate in calculating "net earnings" because such dividends represent a transfer of funds from one common-owned corporate pocket to another rather than real economic income. This proposition is just as true in determining "net operating loss" under § 67–4–805(b)(2)(C). Were the deduction for dividends from 80% subsidiaries not allowed to offset their inclusion in total income for purposes of computing a net operating loss, the result would be that the net operating loss, as so determined, would not reflect economic reality, and the purpose of allowing net loss carryovers would be defeated. There is nothing in the statute to suggest that that result was intended by the legislature.

The Court holds that the deduction for dividends received from 80% subsidiaries, which is an allowable deduction in computing "net earnings" for Tennessee corporate excise tax purposes, is also an allowable deduction in computing a "net operating loss" pursuant to T.C.A. § 67–4–805(b)(2)(C). The provision in Rule 1320–6–1–.21(2)(a) calling for such dividends to be added to a net loss as determined for excise tax purposes has the effect of disallowing the deduction for such dividends for purposes of § 67–4–805(b)(2)(C) and is inconsistent with the statute; accordingly, such rule is void.

The judgment of the Chancery Court is reversed. Southern shall be granted a refund of $215,979.04, plus interest thereon as provided in T.C.A. § 67–1–1802(b). This cause is remanded for any necessary further proceedings, including the determination of the amount of attorneys' fees and expenses of litigation that shall be awarded to Southern pursuant to T.C.A. § 67–1–1803(d).

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.