IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 23, 2001

## STATE OF TENNESSEE v. WILLIAM P. BROOKS

**Direct Appeal from the Circuit Court for Blount County**
**No. C-11807   D. Kelly Thomas, Jr., Judge**

---

**No. E2000-00555-CCA-R3-CD**
**March 22, 2001**

---

The defendant, William P. Brooks, was convicted of driving on a revoked license, third offense, a Class A misdemeanor.  The trial court imposed a sentence of 11 months and 29 days, requiring 90 days to be served in jail and the balance to be served on supervised probation.  In this appeal of right, the defendant argues that the trial court erred by refusing to suppress evidence and by imposing an excessive sentence.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Julie A. Rice, Contract Appellate Defender, Knoxville, Tennessee, and Mack Garner, District Public Defender, Maryville, Tennessee, for the appellant, William P. Brooks.

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Assistant Attorney General; and John Bobo, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The state and the defense entered a written stipulation of proof which established the basis for the conviction.  On October 18, 1998, Maryville Police Officer Eddie Davis, while on routine patrol, made a random check of the license plate on a vehicle driven by the defendant.  Upon determining that the license was registered to another vehicle, Officer Davis stopped the defendant for violation of the registration law.  Upon being presented with the driver's license information offered by the defendant, Officer Davis determined that the license had been revoked based upon a conviction for driving under the influence of an intoxicant.  Records of the Department of Safety established that the defendant had two prior convictions for driving on a revoked license.

The first issue, involving the legality of the stop and arrest, has been waived. Tenn. Ct. Crim. App. R. 10(b). The defendant's brief contains no argument, no citation to authorities, and no references to the record in regard to the motion to suppress evidence. It is the duty of the appealing party to prepare a record which conveys a fair, accurate, and complete account of what transpired in the trial court with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); State v. Miller, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987); State v. Rhoden, 739 S.W.2d 6 (Tenn. Crim. App. 1987). Absent an essential part of the record, this court must presume that the determination made by the trial court is correct. State v. Taylor, 669 S.W.2d 694, 699 (Tenn. Crim. App. 1983); State v. Baron, 659 S.W.2d 811, 815 (Tenn. Crim. App. 1983). Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure specifically requires the citation of authority. See State v. Aucoin, 756 S.W.2d 705 (Tenn. Crim. App. 1988).[1] The defense brief contains none.

The defendant does argue that the trial court failed to consider the applicable sentencing statute, applied a non-statutory enhancement factor, and failed to consider two mitigating factors. Due to these errors, the defendant submits that the sentence imposed was excessive.

The defendant's first argument relating to sentence is based upon his interpretation of Tenn. Code Ann. § 55-50-504(a)(2), which provides in pertinent part as follows:

> A second or subsequent violation of subdivision (a)(1) is a Class A misdemeanor. A person who drives a motor vehicle on any public highway of the state at a time when the person's privilege to do so is canceled, suspended or revoked because of a second or subsequent conviction for vehicular assault under § 39-13-106, vehicular homicide under § 39-13-213, or driving while intoxicated under § 55-10-401 shall be punished by confinement for not less than forty-five (45) days nor more than one (1) year . . . .

Tenn. Code Ann. § 55-50-504(a)(1) prohibits driving on a canceled, revoked or suspended license, a Class B misdemeanor. The defendant submits that this court should interpret the statute to mean that the minimum 45-day sentence applies only when the revocation was the result of a second or greater conviction for vehicular assault, vehicular homicide, or driving while intoxicated. That is, only those who are committing vehicular assault, vehicular homicide, or driving under the influence, as opposed to merely driving without a license but otherwise in compliance with law, qualify for the 45-day minimum. Such an interpretation, the defendant submits, would result in his punishment being imposed under Tenn. Code Ann. § 55-50-504(a)(1), which sets the range at "not less than two days nor more than six months." The state did not address this specific statutory interpretation issue. It merely pointed out that under either statute, a misdemeanant is not entitled to the presumption of a minimum sentence and that the defendant had a prior record which warranted a 90-day incarceration and the denial of probation.

---

[1] Substantive issues not raised in this appeal have been partially discussed in other cases. See, e.g., State v. Rhymer, 915 S.W.2d 465 (Tenn. Crim. App. 1995); Williams v. State, 506 S.W.2d 193 (Tenn. Crim. App. 1973).

In matters of statutory construction, the role of this court is to ascertain and give effect to the intent of the legislature. State v. Williams, 623 S.W.2d 121, 124 (Tenn. Crim. App. 1981). Unless ambiguity requires resort elsewhere to ascertain legislative intent, judicial interpretation of a statute is restricted to the natural and ordinary meaning of the language used. Roddy Mfg. Co. v. Olson, 661 S.W.2d 868, 871 (Tenn. 1983). Legislative enactments must be interpreted in their natural and ordinary sense without a forced construction to either limit or expand their meaning. State v. Thomas, 635 S.W.2d 114, 116 (Tenn. 1982). Courts must construe statutes as a whole and in conjunction with their surrounding parts and their interpretation should be consistent with their legislative purposes. State v. Turner, 913 S.W.2d 158, 160 (Tenn. 1995). Yet the meaning of a statute is to be determined not from specific words in a single sentence or section but from the act in its entirety in light of the general purpose of the legislation; any interpretation should express the intent and purpose of the legislation. National Gas Distrib., Inc. v. State, 804 S.W.2d 66, 67 (Tenn. 1991); Loftin v. Langsdon, 813 S.W.2d 475, 478-79 (Tenn. Ct. App. 1991).

Here, the record establishes that the trial court agreed with the interpretation offered by the defendant. That is, that the plain language of Tenn. Code Ann. § 55-50-504(a)(2) only applies to driving on a revoked license when the revocation was due to a "second or subsequent conviction for vehicular assault . . ., vehicular homicide . . ., or driving while intoxicated . . . ." The trial judge also observed, however, that "this is not a case where the minimum mandatory will have any impact on the sentence I'm going to give anyway. . . ." The trial court determined that the previous criminal history of the defendant was an enhancement factor and stated that "a factor to be considered is the basis of the revocation was a DUI . . . ." See Tenn. Code Ann. § 40-35-114(1). The trial court also found the presence of another enhancement factor, that the defendant had violated the terms of prior sentences involving release into the community. See Tenn. Code Ann. § 40-35-114(8).

The defendant also complains that the trial court failed to consider any mitigating factors. He maintains that the trial court should have determined that his driving "neither caused nor threatened serious bodily injury." See Tenn. Code Ann. § 40-35-113(1).

In misdemeanor sentencing, the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of the sentence. The sentence must be specific and consistent with the purposes of the Act. Tenn. Code Ann. § 40-35-302. Not greater than 75 percent of the sentence should be fixed for service by a misdemeanor offender; however, a DUI offender may be required to serve the full 100 percent of his sentence. Tenn. Code Ann. § 40-35-302(d); State v, Palmer, 902 S.W.2d 391, 393-94 (Tenn. 1995). In determining the percentage of the sentence, the court must consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing. Tenn. Code Ann. § 40-35-302(d).

Upon service of the required percentage, the administrative agency governing the rehabilitative programs determines which among the lawful programs available is appropriate. The trial court retains the authority to place the defendant on probation either immediately or after a term of periodic or continuous confinement. Tenn. Code Ann. § 40-35-302(e). The legislature has encouraged courts to consider public or private agencies for probation supervision prior to directing

supervision by the Department of Correction. Tenn. Code Ann. § 40-35-302(f). The statutory scheme is designed to provide the trial court with continuing jurisdiction in misdemeanor cases, as well as a wide latitude of flexibility. The misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). Appellate review of misdemeanor sentencing is de novo with a presumption of correctness. See State v. Troutman, 979 S.W.2d 271 (Tenn. 1998).

In this case, it is not necessary for the court to interpret Tenn. Code Ann. § 55-50-504. The 45-day minimum was not a factor in the sentence imposed. Given the defendant's prior criminal history and, in particular, his persistence in driving on a revoked license, the circumstances would warrant a 90-day sentence. As indicated, there is no presumptive minimum in misdemeanor sentencing. Both Tenn. Code Ann. § 40-35-114(1) and (8) apply. The defendant did not testify at the bench trial or at the sentencing hearing. It was stipulated that the defendant's license was originally revoked due to driving under the influence. While that should not have been applied as an enhancement factor, the trial court made reference to it as a factor in the context of prior criminal history. Likewise, the defendant has not complied with sentencing conditions involving release into the community. Even application of the sole mitigating factor argued by the defendant, that his conduct did not threaten serious injury, would not change our view that the sentence of 11 months and 29 days, including 90 days of incarceration with the balance on supervised probation, is entirely appropriate.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-4-